CASE 83.—ACTION BY J. C. WATSON AGAINST H. B. CHAND-
LER, JR., AND OTHERS TO COMPEL THE EXECU-
TION AND DELIVERY OF A DEED.—May 11, 1909.

# Watson v. Chandler, &c.

Appeal from Webster Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Affirmed.

1. Specific Performance—Good Faith of Plaintiff—Performance
by Plaintiff.—Where a contract for the sale of land provided
for the payment of the purchase price on tender of the deed
by the vendor's agent, the vendee, having failed to pay on
such tender, was not thereafter entitled to have the contract
performed.

2. Escrows—Nature and Requisites—Depositaries.—The leaving
of a deed by a grantor in the hands of his agent or attorney
for delivery, or waiting the payment of the purchase money
for the land it purports to convey, does not make the deed
an escrow, the possession of the agent being that of the
grantor and revocable by him.

BOURLAND & HUNT for appellant.

### POINTS DISCUSSED.

1. The deed in question was an escrow.

2. Appellant has, as a matter of law, a reasonable time within
which to accept it.

3. He was denied that reasonable time by the unauthorized
act of the third party holding the deed.

4. Appellee Chandler was guilty of improper conduct amounting
to fraud.

5. No tender of the purchase price was necessary as appellant
learned before the time for making the tender that the third
party had surrendered possession of the deed (escrow).

### AUTHORITIES CITED.

14 K. Law Rep. pages 749, 750; 20 Ky. Rep. 503, 504; A. & E.
Enc. of Law, 1st Ed. Vol. 6, 857, 863.

BAKER & BAKER for appellees.

The question as to whether this deed was in escrow was a
question of fact to be determined by the court; and it was also
a question of fact to be determined by the court, as to whether

grantee had complied with the terms under which same was so placed in escrow, if it was, and the court has decided for appellee, and we now ask this honorable court to affirm the judgment rendered herein.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.—
Affirming.

The appellant, J. C. Watson, brought this action in the court below against the appellees, Mary W. Crews, D. H. Crews, her husband, and H. B. Chandler, Jr., to compel the execution and delivery to the former of a deed conveying to him the undivided interest of one-ninth owned by Mary W. Crews in a small tract of land in Webster county he claimed to have purchased of her, and also to obtain the cancellation of a deed from the same grantors to the appellee Chandler, whereby he was conveyed the same interest in the land appellant insists he is entitled to. The appellees filed answers denying the averments of the petition, and alleging a rightful sale and conveyance, by proper deed, of the interest of Mary W. Crews in the land to the appellee Chandler, and his possession thereof. On the hearing the circuit court rendered judgment dismissing appellant's action, and from that judgment he has appealed.

The facts out of which the controversy between these parties arose seem to be as follows: Mrs. Crews, who is a resident of Neosho, Mo., owned a one-ninth undivided interest in an 18-acre tract of land in Webster county, Ky., other shares therein being owned by appellant and the appellee Chandler, each of whom wished to purchase of Mrs. Crews her interest. In the spring of 1907 she was visiting in Webster county, and during that visit both appellant and Chandler entered into negotiations with her for the purchase of her interest in the land, the former offering her $50

and the latter $52 for it. Neither offer was accepted
while Mrs. Crews was in Kentucky, but each of the
intending purchasers had a deed prepared conveying
him the interest of Mrs. Crews in the land, and these
deeds she carried with her back to Missouri for the
purpose of submitting them to the inspection of her
husband and consulting him about the sale of her in-
terest in the land. It was, however, understood be-
tween Mrs. Crews and appellant, when she left Ken-
tucky, that if she concluded, after reaching her home
in Missouri, to let him have the land, she and her hus-
band would execute the deed to him and send it to her
son-in-law, Warren Trusty, who resides near appel-
lant, and that upon notice of his receipt of it appellant
would pay him the $50 for her interest in the land and
receive of Trusty the deed. Pursuant to this arrange-
ment, Mrs. Crews and her husband duly signed and
acknowledged the deed and sent it by mail to Trusty,
who, upon receiving it, called to see appellant, ten-
dered him the deed, and demanded of him payment
of the $50. Appellant then had but $25 of the con-
sideration, and frankly informed Trusty of that fact,
but assured him he had arranged to borrow the re-
mainder of one Mauze, of whom he would get it and
pay Trusty the $50, the following day. This promise
he did not comply with, nor did he see Mauze or get
the money for payment to Trusty on that day. He
did go to Trusty's house some time during the day
he had fixed to pay the money, but it was to inform
him that he had not seen Mauze or procured the
money, and for the purpose of getting further time
in which to do so. He learned, however, upon reach-
ing Trusty's house, that he had despaired of getting
the $50 from appellant, and delivered the deed to Mrs.

Crew's son to be returned to her. It is true appellant claimed to have been prevented from paying Trusty for Mrs. Crew's interest in the land by the illness of his father and by his return to his own home from his father's to see whether a storm, that had passed through that section, injured his property; but he might have protected himself by asking of Trusty, when the latter carried him the deed, more time to raise the money for the land, for he then knew of his father's illness and informed Trusty of it. The deed was returned to Mrs. Crews by Trusty through her son, and she and her husband then executed and sent to the appellee Chandler the deed under which he now holds the land, and upon receipt of the deed he paid for her interest in the land $52.

The evidence contained in the record convinces us that, as appellant was a brother of Mrs. Crews, she preferred him as a purchaser over her cousin Chandler, although the latter's offer for the land exceeded that of appellant by $2; but we are further convinced that, while preferring that the land go to appellant, she knew he was insolvent, and doubted his ability to pay for it. Therefore, she intended, and he knew, that the sale to him was to be a cash transaction, and that he would be expected to pay the $50 upon the tender of the deed to him by Trusty. Knowing this, he should have supplied himself with the money in advance. As before stated, he did not have the money when the deed was tendered him, and, when he asked until the following day to pay it and then failed to do so, he cannot complain that it was returned to the grantors by Trusty.

We fail to find in the record any evidence to support appellant's contention that there was an ar-

rangement with respect to the delivery of the deed by Trusty that constituted it an escrow. Appellant's own testimony goes no further than to claim that the deed was to be forwarded to Trusty by the grantors for delivery, and that when delivered to him he was to pay Trusty the consideration of $50. There was no evidence which tended to show that appellant was to have a reasonable time or any time to secure the $50. The question of whether Trusty would, if requested, have granted further time than was asked by appellant to raise the $50 is not material; whether authorized to do so or not, he did as a matter of fact grant all the time appellant asked, and, when the latter failed to pay the $50 at the time he himself fixed for its payment, there was certainly nothing in the situation that was calculated to induce Trusty to volunteer further indulgence.

Instead of there being an agreement between Mrs. Crews and appellant that Trusty was to hold the deed in escrow, according to the evidence he was merely the agent of the grantors to receive and immediately deliver it to the grantee and receive the consideration. Indeed, he was the general and sole agent of his mother-in-law, Mrs. Crews, in Kentucky, and as shown by the evidence, he attended to whatever business she had in Webster county. The leaving of a deed by the grantor in the hands of his agent or attorney for delivery, or awaiting the payment of the purchase money for the land it purports to convey, does not make such a deed an escrow, for the reason that the possession of the grantor's agent or attorney is the grantor's possession and revocable by him. 11 Am. & Eng. Ency. of Law (2d Ed.) 337.

Finding no cause for disagreeing with the conclusions reached by the judge of the circuit court, the judgment is affirmed.