## Vaughan v. Vaughan.

(Decided December 4, 1914.)

### Appeal from Hickman Circuit Court.

1. **Writings—Writing Not Effective Until Signed By All Parties In Interest—Not Enforcible.**—When a writing evidencing a contract is signed by some of the parties in interest and left with the draughtsman, not a party in interest, with the understanding among those who have signed it, that it is to have no obligatory force until signed by the remaining parties to be affected by it, such instrument is unenforcible unless signed by the latter.

2. **Escrow—What Is.**—The term "escrow" was originally applied to instruments for the conveyance of land, but an escrow as now interpreted is a writing delivered to a third party to hold until the happening of some event, as until it is signed by another party, the consideration paid, or a suit dismissed; and until the event happens or the condition be performed, the writing can have no effect.

E. T. BULLOCK for appellant.

JOE W. BENNETT and BENNETT, ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Stewart Vaughan, a man of color, died in 1907 in Hickman county, where he was domiciled, leaving a will, which was duly admitted to probate by the Hickman

County Court at its August term, 1907. Such parts of the will as are material in this case read as follows:

"First. I give and bequeath to my beloved wife, Adaline Vaughan, lot No. 174 in the city of Columbus, being the same purchased by me from Ray & Zinnerman, and upon which I now reside, and I also give to her a part original lot No. 643, being half of acre and being the same purchased by me from Alfred Allen, and lying across the street from my home place, to have and to hold and to dispose of said property as she may deem proper. I also give to her during her natural life lot No. 887, containing 30 acres, and deeded by Thos. Willingham to me.

"Second. I give and bequeath to Monroe Vaughan three-fourths of lots 848 and 849, purchased by me from Gest & Dupree.

"Third. I give and bequeath to Odenna Vaughan the remaining one-fourth of lots No. 848 and 849, devised to Monroe Vaughan above, and I also give and bequeath to said Odena Vaughan one undivided half interest in lot No. 887, heretofore conveyed to my wife during her life.

"Fourth. I give and bequeath to Richard Bryars one-half undivided interest and to lot No. 887 after the life estate of my wife in said lot.

"Fifth. I own three half-acre lots in original lot No. 645, the number subdivision not being known, these three lots I give & bequeath to Birch Clarkson, Burnett Bryars, Bruce Johnson to be equally divided between them.

"Sixth. I give and bequeath to John Johnson lots No. 358, 360, 361 and 362, being the same lots purchased by me from the auditor of the state, each and all of the property divided in this will is located in the City of Columbus, Ky.

"Seventh. At my death, I desire my wife to have and I give to her my household and kitchen furniture and the rest of my personal property sold by my executors, and the proceeds of said personalty divided equally between my wife, Adeline Vaughan, Monroe Vaughan and Odena Vaughan.

"Eighth. I hereby appoint my wife Adaline and Monroe Vaughan executors of this my last will and testament."

Shortly after the will was admitted to probate, S. T. Vaughan, a son, and Adaline Vaughan, widow of the testator, for the purpose of contesting it, took an appeal

from the judgment of the county court admitting it to probate, to the Hickman Circuit Court, making the devisees therein contestees. Thereafter, at the first term of the latter court, on motion of S. T. Vaughan, an order was entered withdrawing the name of the widow, Adaline Vaughan, as a contestant, without making her a contestee. Of the devisees named in the will Monroe Vaughan is a son of the testator's widow, Adaline Vaughan, and only a stepson of the testator; Richard Bryars and John Johnson are nephews of the testator, Birch Clarkson and Odena Vaughan, granddaughters, and Burnett Bryars and Bruce Johnson, great-nephews. S. T. Vaughan and Tobe Vaughan, neither of whom is a devisee, appear to be the only surviving children of the testator.

Pending the appeal in the circuit court, the following paper was signed by S. T. Vaughan, Tobe Vaughan, Monroe Vaughan, and to it also appears the name of John Johnson:

"Article of Agreement made and entered into at Columbus, Ky., May 19, A. D. 1908, by the following subscribed persons who are heirs and claimant of the late Steward Vaughn estate.

"Whereas, S. T. Vaughn in the year A. D. 1907 brought or cause to be brought a suit or action in the circuit court of Hickman Co., Ky., for the purpose of setting aside or making void the last will and testament of the late Steward Vaughn.

"Now comes the plaintiff in this suit, S. T. Vaughn, and agrees that he (S. T. Vaughn) will dismiss or cause to be dismissed the suit or action from the Docket of said Circuit Court upon the following terms of agreement, to-wit: That the said Monroe Vaughn Deed and transfer to the said S. T. Vaughan (10) ten acres of land out of the (30) thirty acre tract or plot of land willed and bequeathed to the said Monroe Vaughan by the last will and Testament of the late Steward Vaughn. The said ten acres to be laid off on the East side of the said thirty acre tract or plat of land and adjoining the ten acre lot of Odena Vaughan. And the said Monroe Vaughn further agrees to pay to the said S. T. Vaughn One Hundred Dollars twelve months after date.

"It is further agreed that, upon the withdrawal of said suit that Odena Vaughn will Deed to the said S. T. Vaughan (3) three acres of land out of the ten acre plot of land given her by the last Will and Testament of the

late Steward Vaughn.   The said (3) three acres to be laid off parallel and adjoining the ten acre plot of land given and deeded to the said S. T. Vaughan by the said Monroe Vaughan.

"The said Odena Vaughn further agrees to deed to the said S. T. Vaughn (2) acres of land out of the fifteen acre plot of land now a part of the Dowery of Addie Vaughn widow of the late Steward Vaughn when it comes into possession.

"It is also agreed by Johnnie Johnson that he will Deed to the said S. T. Vaughn a one-half acre lot lying in Columbus, Ky., which was given to the said Johnie Johnson by the last Will and Testament of the late Steward Vaughn.

"It is further agreed by S. T. Vaughn and Tobe Vaughn representing the absent Vaughn heirs that they guarantee and stand surety against any further claim of any and all of the Vaughn heirs to any part of the said estate of the late Steward Vaughn.

"It is further agreed by the said S. T. Vaughn and Tobe Vaughn representing Birch Clarkson, Vernett Bryars and Bruce Johnson who received a one half acre lot each under the Will of the late Steward Vaughn that they pay $25 twenty-five Dollars each to S. T. Vaughn.

"It is also agreed by each of the subscribed parties that the cost of this suit so far accrued be paid out of the estate of the late Steward Vaughn.

"Each of these Articles and terms of this Agreement are assented to by each of the parties thereto—to which they have subscribed their names."

Following the execution of this writing this action was brought by the appellee, S. T. Vaughan, against the appellant, Monroe Vaughan, in the Hickman Circuit Court, setting up the agreement contained in the writing, alleging appellee's compliance with its terms, appellant's breach of same, and asking that he be compelled to specifically perform his part thereof. Appellant's answer admitted he signed the writing mentioned, but alleged in substance that it was never an enforceable instrument because by agreement of those whose signatures appear thereto it was not to be obligatory upon them until signed by all the persons to be affected by it; and that as it was never agreed to or signed by the other persons to be affected by it, it has no legal effect whatever.   The answer contains the further allegation that the name of John Johnson, attached to the writing, was not written by him or

by his authority; and that neither the appellee, S. T. Vaughan, nor his brother, Tobe Vaughan, had any authority from Birch Clarkson, Burnett Bryars or Bruce Johnson, beneficiaries under the will of Stewart Vaughan, to represent them in making the written agreement, nor were they in any way bound by its terms.

The prayer of the petition for specific performance was granted by the judgment of the circuit court to the extent of requiring the appellant, Monroe Vaughan, to execute and deliver on or before December 1, 1913, a deed conveying to the appellee, S. T. Vaughan, the ten acres of ground claimed by the latter under the writing in question, and directed that, in the event of appellant's failure to execute and deliver the deed within the time indicated, it be done by the court's commissioner. The judgment, however, did not require appellant to pay to appellee the $100.00 claimed by the latter under the alleged written agreement, but required him to pay the costs of the action. Appellant's dissatisfaction with the judgment thus rendered resulted in this appeal.

Our examination of the evidence found in the record convinces us that the defense interposed by appellant's answer is satisfactorily established. The paper containing the alleged agreement relied on by appellee was written by a colored school teacher several days after the agreement was made, and was left with the draughtsman for the signatures of all the parties to be affected by it. This is shown by the deposition of appellant, and also that of James Clinton, Clinton being present at a conversation occurring between appellant and appellee in which the latter admitted that the agreement was not to become effective until it was signed by all the parties in interest. John Johnson testified that his name to the writing was not signed by him nor was it written by any other person with his authority. It is patent, therefore, that the writing was never signed by John Johnson, Odena Vaughan, Birch Clarkson, Burnett Bryars or Bruce Johnson, five of the devisees named in the testator's will, and therefore parties to be affected by the written agreement. The school teacher who prepared the written agreement, and with whom it was left to be signed by the other parties in interest, died before the institution of this action, consequently his deposition could not be taken; and whether the writing was surrendered by him to appellee before his death, or was in some manner obtained by the latter afterwards, does not appear from

the record. The testimony of appellant, John Johnson, and James Clinton being uncontradicted and their credibility unimpeached, the facts to which they testified must be accepted as conclusively established. Appellee was present at the taking of their depositions, but did not give his own or attempt to take that of his brother, Tobe Vaughan, another signer of the writing, although Tobe was a resident of Columbus during the entire pendency of the action.

In view of the evidence, it is manifest that the signing of the writing sued on by John Johnson, Odena Vaughan, Birch Clarkson, Burnett Bryars and Bruce Johnson, the remaining parties in interest, was a condition precedent to its becoming legally effective; and as this condition was never complied with, the writing was never more than an unexecuted, unenforceable instrument. It is not material, therefore, whether it was delivered by the draughtsman and holder to appellee or in what manner he received it; its possession by him raised no presumption in favor of its validity, as it shows on its face that the condition upon which it was to become effective had not been complied with. In legal contemplation the instrument was never more than a mere *escrow,* as it was delivered to the draughtsman to hold until signed by all the persons to be affected by it and was not to become binding upon those who had signed it before its delivery to him, until signed by the persons for whose signatures the draughtsman held it. It was never signed by the latter, consequently it had no obligatory force as to those who had signed it. The term *"escrow"* was originally applied to instruments for the conveyance of land, but an *escrow* as now interpreted is a writing delivered to a third party to hold until the happening of some event, as until it is signed by another party, the consideration paid, or a suit be dismissed; and until the event happens or the condition be performed, it can have no effect. 16 Cyc, 563; Mudd, etc., v. Green, 11 R., 350; Millett v. Parker, 2 Metcalf, 608; Arnold v. Cov. & Cin. Bridge Co., 1 Duv., 672.

In addition to the evidence showing that such was its character, it is indicated by the following language of the writing itself: "Each of these articles and terms of this agreement are assented to by the parties hereto, to which they have subscribed their names." As there were persons other than the signers named in the writing as parties in interest, in the meaning of the above language

their signatures to the writing were also required to make it complete. While the fact is not averred as a ground of defense in appellant's answer, it is not made to appear that appellee dismissed the appeal taken by him from the judgment of the county court admitting Stewart Vaughan's will to probate, as contemplated by the writing in question. On the contrary, it appears from the deposition of the clerk of the circuit court that there was no order dismissing the appeal but that it was, without an order of the court, stricken from the docket. So, if it could be said that the agreement evidenced by the writing had any validity, it would seem that appellee's failure to carry out his undertaking therein to dismiss the appeal would estop him from demanding the performance of the contract by appellant.

In our opinion, appellee failed to show himself entitled to the relief granted him by the judgment of the circuit court, for which reason the judgment is reversed and the cause remanded with instructions to that court to dismiss the action.