## French v. Delaware Insurance Company.

(Decided December 3 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 3).

Insurance—Fire Insurance—Ownership of Property.—A provision in a policy of fire insurance that the same shall be void if the interest of the insured in the property be other than the sole and unconditional ownership, or if any charge take place in the interest, title or possession of the subject of the insurance, is an enforcible provision; where it appears that at no time during the life of the policy was the insured the sole and unconditional owner, and there was no disclosure of his real interest, he cannot recover.

W. McKEE DUNCAN for appellant.

GORDON & LAURENT and F. M. DRAKE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

On February 12th, 1912, appellee issued to appellant a policy of fire insurance on a house owned by him on Clara avenue in Louisville. The house was destroyed by fire in September, 1913, during the life of the policy, and this is an action by appellant seeking judgment for the amount of the policy.

Appellee defended on the ground that appellant was not the sole and unconditional owner of the property at the date of the policy or at any time during its existence or at the time of the loss.

By agreement of the parties a jury was waived and the law and facts submitted to the court for trial. A judgment was entered dismissing the plaintiff's petition, and he has appealed.

The policy of insurance contained the customary provision that it should be void if the interest of the insured be other than the sole and unconditional ownership of the property, or if any change other than by death took

place in the interest, title or possession of the subject of the insurance.

The facts are that prior to the 25th of March, 1909, appellant was the sole and unconditional owner of the property, but that on that day he entered into an executory contract with J. C. Reiss by the terms of which he sold the property to Reiss upon certain specified terms, and agreed that when the payments thereon by Reiss should amount to $300 he would make him a general warranty deed, and under this contract possession of the property was given to Reiss. Reiss made several payments on the property, but not enough to entitle him to a deed under the contract, and on the 28th day of August, 1911, he, by an executory contract, sold the property to C. A. French, Jr., the son of appellant, upon certain terms prescribed in the contract.

Under this contract the lien which C. A. French, Sr., had under his contract with Reiss was duly protected, and C. A. French, Jr., made numerous payments on the property, both to Reiss and C. A. French, Sr., and was in possession of the property when it was destroyed.

The undisputed testimony is that at no time during the life of the policy was C. A. French, Sr., the sole and unconditional owner of it, and there is no pleading or suggestion in the record that the company or its agent knew of his real interest in the property, or that he had disposed of it by executory contract, and there is no claim that he disclosed to the agent that he was other than the sole and unconditional owner.

That a provision in a policy of insurance that it shall be void if the interest of the insured be other than sole and unconditional ownership, or if there be any voluntary change in the interest, title or possession of the property is enforcible is not an open question. The reason of the rule is obvious, and the facts of this case illustrate its wisdom. The evidence shows that C. A. French, Sr., the insured, now has a comparatively small interest in this property, Reiss and C. A. French, Jr., having paid a greater part of the consideration to him, and yet if he was permitted to recover on this policy he would have received not only the consideration paid by his vendees, but the amount of the insurance in addition thereto, which would greatly exceed the value of the property.

It is not difficult to see, under these conditions, the incentive which the insured would have to destroy the prop-

erty to procure the insurance, and it is this moral risk that the insurance company contracted against.

As said by this court in the case of Hartford Ins. Co. v. Hass, 87 Ky., 531, "the importance of disclosing the nature of the interest of the assured in the subject matter insured cannot be overlooked;" and as said by Cooley on Insurance, page 1370, "The insured's interest must be of such nature that he would sustain the whole loss if the property is destroyed."

In this case the loss directly fell upon the vendees of C. A. French, Sr., under the executory contracts, and of course he cannot recover for their loss. Nor can he recover for his own loss because of his failure to disclose the nature of his interest; for if he had disclosed it the company might not have issued the policy.

Judgment affirmed.