## Hartford Fire Insurance Company v. Bishop.

(Decided December 9, 1927.)

### Appeal from Whitley Circuit Court.

Insurance.—Where insured delivered deed and accepted payment for house, her ownership was not "sole and unconditional" within terms of insurance policy, notwithstanding oral contract with pur-

chaser that title to the house was not to pass until a subsequent date, which date was after date of fire.

' MYERS & SNERLY and TYE, SILER, GILLIS & SILER for appellant.

STEPHENS & STEELY and POPE & BROWNING for appellee.

. OPINION OF THE COURT BY JUDGE REES—Reversing.

On March 19, 1926, the appellant issued to appellee a fire insurance policy on a house owned by her in Corbin, Ky. On the 30th of August, 1926, the appellee and her husband executed and delivered to Robert Mobley a deed conveying the insured property for a consideration of $1,200, of which $25 was paid in cash, and for the balance Mobley executed notes which were delivered to the appellee. The house was destroyed by fire on September 26, 1926, and this is an action by the insured seeking a judgment for $1,000, the amount of the policy.

The policy of insurance contained the customary provision that it should be void if the interest of the insured be other than the sole and unconditional ownership of the property, or if any change other than by death of the insured took place in the interest, title, or possession of the subject of insurance, whether by legal process or by judgment or by voluntary act of the insured or otherwise.

Appellant defended on the ground that appellee was not the sole and unconditional owner of the property at the time of the fire. The appellee, in her reply, admitted the execution of the deed and its delivery to the purchaser and the delivery to her by the purchaser of the cash and notes representing the purchase price, but alleged that the deed was not to become effective until October 1st, at which time the purchaser was to take possession of the property, and that it was agreed that the title and possession should remain in her until October 1st.

A demurrer to the reply was overruled, and, the issues having been completed, a trial was had before a jury. At the conclusion of the testimony for the plaintiff, the defendant moved the court to peremptorily instruct the jury to find for it, and the court overruled the motion. The defendant declined to introduce any evidence, and the plaintiff then moved the court for a per-

emptory instruction in her favor, which motion was sustained.

Waiving the question as to whether the alleged oral contract was properly pleaded and competently proven, and, conceding for the sake of argument, that the agreement was valid, we are of the opinion that there was such a change in the interest of the insured in the insured property as to avoid the policy.

The appellee testified in her own behalf, and was the only witness introduced. She testified, in substance, that she and her husband executed a deed and delivered it to Mobley about a month before the fire; that Mobley had the deed at the time of the fire, and had never reconveyed the property to her, and that, at the time the deed was executed and delivered, Mobley paid to her $25 in cash, and executed and delivered to her notes for $1,-175, representing the balance of the purchase price. She further testified that, at the time these transactions occurred, it was agreed that the title was not to pass until October 1st. But, on cross-examination, she admitted that under the alleged oral agreement there was nothing to be done on October 1st by either party except for Mobley to take possession of the property. Mobley had possession of the deed from the time of its execution until after the fire, and during that time she had possession of the $25 paid on August 30th and the notes executed by the purchaser.

Accepting the appellee's account of the transaction as true, the transaction amounted at least to an executory contract of sale. She agreed that the deed should take effect and the title vest in the purchaser on October 1st and the entire consideration had been paid. There was no condition to be performed: the taking effect of the deed depending only upon the lapse of time. No act remained to be performed by either party, and she could have enforced the collection of the notes as they fell due. In Cottingham v. Fireman's Fund Insurance Co., 90 Ky. 439, 14 S. W. 417, 12 Ky. Law Rep. 409, 9 L. R. A. 627, an agreement to exchange property "deeds to be made soon" was held to have transferred the equitable title and avoided the policy. The provision in the policy was similar to the one here in question. In the course of the opinion this court said:

> "But where, as in this state, the beneficial interest is passed to the vendee of the equitable title, the contract of insurance is vacated by such sale.

The vendee in such case assumes all risk of loss or destruction of the property. Such risk is no longer with the vendor. Hence, the insurer's contract of indemnity against the loss, destruction or damage of the insured property is at an end."

This rule has never been departed from, but has been approved in subsequent cases. Robinson's Ex'r v. North British Mercantile Insurance Co., 53 S. W. 660, 21 Ky. Law Rep. 982; French v. Delaware Insurance Co., 167 Ky. 176, 180 S. W. 85; Home Insurance Co. v. Wilson, 210 Ky. 237, 275 S. W. 691.

Accepting appellee's version of the transaction, she was not the sole and unconditional owner of the property insured at the time the fire occurred; and, the provision of the policy of insurance that it should be void if the interest of the insured should be other than sole and unconditional ownership, or if there should be any voluntary change in the interest, title or possession of the property, being enforceable, it follows that the trial court erred in overruling appellant's motion for a directed verdict.

Wherefore the judgment is reversed for further proceedings consistent herewith.