## Head v. Head

Feb. 23, 1943.

372

Davis and Edwards for appellant.

James S. Wilson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Appellee sued in ejectment to recover possession of a tract of land situate in Bell county. Appellant entered a general denial, alleged ownership and the right to recover rents theretofore collected by appellee, and sought judgment quieting his title. On motion of appellant the case was transferred to the equity docket and tried by depositions, resulting in judgment for appellee.

At one time the property was owned by Martin Head and his wife, the father and mother of both parties to this action. The parents executed and delivered a crudely drafted deed to a third son, J. R. Head and his wife, Nanie E. Head. The exact wording of which, eliminating the description of the property, is as follows:

"This deed between, Martin Head and Sarah E. Head, parties of the County of Bell and State of Kentucky, of the first part, and J. R. Head and wife Nanie E. Head, parties of the same county second party: the parties of the first dose this day bargin and sell to the party of the second part:

"Witnesseth, that the said party of the first part, in con-of $145.00 (One Hundred and forty Five Dollars) cash in hand paid. It is further agreed if not sold by J. R. Head and their isent any more heirs at my place during the life of J. R. Head and Nany E. Head at the death of J. R. Head and Nany Head the within named tract of land shall fall to Roy E.

Head. The receipt of which is hereby acknowledged, do hereby sell, grant and convey to the party of the second part his heirs and assigns, the following described property, viz: (Description)

"To have and to hold the same, with all the appurtenances thereon to the second party his heirs and assigns forever, with covenant of 'General Warranty.' A lien is retained upon the property hereby conveyed, as security for the payment of the said unpaid purchase money.

"In testimony whereof, witness our signature this 18th day of February 1918.

"Martin Head
"Sarah E. Head."

Nanie E. Head died and her husband remarried. This marriage was not successful, and we glean from the record, although it is not clear, that it was dissolved by judgment of divorce. On February 10, 1934 at which time, according to the contention of appellant, J. R. Head and his wife were anticipating a divorce, the property was conveyed to appellee, T. H. Head, under authority of the implied power contained in the granting clause of the deed recited above. The deed from J. R. Head to appellee recites the consideration to have been five hundred dollars and acknowledges its receipt. Appellee claims title through this deed.

It is the contention of appellant that no actual consideration passed for the execution of the deed from J. R. to T. H. Head; and, the recitation of such consideration was false and fraudulent. He further contends that the deed was executed for the purpose of cheating, hindering, and defrauding J. R. Head's wife in her proposed attempt to collect alimony in the suit for divorce, and for that reason the deed is void. He further reasons that since no legal transfer was made and there were no heirs other than those living at the time of the execution of the Martin Head deed, he became vested with a fee simple title to the tract upon the death of J. R. Head.

Under section 371.030 KRS (section 472, Carroll's Kentucky Statutes) the true consideration of a deed may be shown by parol evidence, although it contradicts the written instrument, Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382, but, recitation in a deed of a stipu-

374

lated consideration is prima facie evidence of its correctness. Combs v. Combs, 130 Ky. 827, 114 S. W. 334, 336. That being true, and appellee having placed the deed in evidence, his prima facie case was established; it then devolved upon appellant to prove that the consideration recited was not the actual consideration for the execution of the deed. The only evidence presented by appellant on the question of consideration and fraud was the testimony of several witnesses concerning declarations made by J. R. Head (now deceased) to the effect that the instrument was a "bogus deed" and that no consideration passed. This evidence clearly is not competent, because it violates the rule excluding hearsay evidence. Penn v. Fightmaster, 17 S. W. 334, 13 Ky. Law Rep. 449; Combs v. Combs, supra. Whatever rule might be in force permitting the statements of a former owner of property, there is no rule which will authorize the reception in evidence of statements which operate to destroy or defeat title vesting in the grantee or his successors by virtue of the former owner's deed. "The declarations of a former owner are not admissible in evidence against his grantee or the successors of the latter in impeachment of the deed upon which their title rests." 20 Am. Jur. section 607, page 521. Sometimes evidence of a deceased person may be rendered competent, but never where the declaration is self-serving and contradictory of the provisions of a writing he executed in his lifetime. In other words, to be competent the declaration must be against the interest of the declarant. 20 Am. Jur. sections 608, 609, page 522. It is plain that the declarations introduced were in service of the declarant rather than against his interest. McGuire v. Lovelace, Ky., 128 S. W. 309; Henry v. Henry's Ex'rs., 181 Ky. 553, 205 S. W. 601, 602. Cryer v. McGuire, 148 Ky. 100, 146 S. W. 402, 405, Ann Cas. 1913E, 480. The court in the opinion in the last cited case said:

"Had this testimony been offered by Edwin Cryer, in a contest between him and Elias B. Cryer, or the plaintiff, as his heir, it would have been competent, because the declarations by Elias B. Cryer would have been against his interest. But, when they were offered in favor of Elias B. Cryer, they were declarations not against interest, and therefore were inadmissible. It is not the words spoken alone which determine their admissibility as declarations; but it is the circumstances surrounding the

party speaking and the nature of the litigation when the testimony is offered which determine the admissibility of the testimony.''

Since there was no competent evidence offered in contradiction of the provision recited in the deed, the court properly declared appellee to be the owner and entitled to possession of the property. That being true, it is unnecessary for us to determine whether the deed could be declared void had appellant fully established the facts upon which he bases his contention.

The contention of appellant that he became vested with the fee simple title to an undivided one-half of the property upon the death of Nanie E. Head is without merit. The estate granted to him in that deed was a defeasible fee in remainder. That estate was subject to defeasance at any time J. R. Head elected to exercise the power of sale whether or not such election occurred during the life of Nanie E. Head. Spicer et al. v. Spicer et ux., 177 Ky. 400, 197 S. W. 959. The estate granted to Nanie E. Head, at most, was one for life and consequently ended upon her death. From what we have said it is apparent that the contention of appellant that there was no evidence to support the decision of the chancellor must fail. The deed itself is sufficient evidence to support the judgment.

Wherefore, the judgment is affirmed.