# Linthicum et al. v. Pruden et al.

October 3, 1950.

Sidney B. Neal, Judge.

Hubert Meredith and Herman A. Birkhead for appellants.

David C. Brodie and John B. Anderson for appellees.

VAN SANT, COMMISSIONER—Affirming.

On July 3, 1931 James Marret, Sr., conveyed a life estate to his daughter, Christine M. Pruden, with remainder in equal shares to her children, in a tract of land in Daviess County, but reserving a life estate in himself. On the same date he conveyed a life interest

to his son, James Marret, Jr., with remainder in equal shares to others, in another tract of land in Daviess County, reserving a life estate in himself. He caused both deeds to be lodged for record in the office of the Clerk of the Daviess County Court. On September 19, 1941, he attempted to repudiate and cancel these deeds by specific declaration in deeds which he executed and delivered to his two daughters, Rena M. Linthicum and Lona M. Carlton, whereby he conveyed to them for life a portion of the property contained in the 1931 conveyances with remainder to their children reserving unto himself a life estate. James Marret, Jr., died without issue on June 7, 1945 previous to the death of his father. Upon his death his sister Christine M. Pruden became vested with a life estate in all of the property to commence on the death of her father which occurred previous to May 7, 1947, when this action was instituted by appellants claiming under the 1941 deeds against their sister, Mrs. Pruden, and her children claiming under the 1931 deeds. The jury found for the defendants upholding the 1931 deeds whereupon judgment was entered dismissing the petition.

The principal question for our determination is whether the evidence was sufficient to sustain the jury's finding that the 1931 deeds were delivered to appellee, Christine M. Pruden and her deceased brother, James Marret, Jr.

Mrs. Pruden testified that her father delivered both of the 1931 deeds to her in the month of July, 1931; that she parted with possession of the deed to her brother but regained its possession within three months, and kept both deeds in her possession locked in a trunk until the year 1939. She additionally testified that she accepted the deeds as conveyances of the property. She likewise testified that she received either the original or a duplicate of the deeds of September, 1941 under which appellants claim but she refused to accept those deeds and returned them to the law office of John A. Dean, the attorney who drafted them. Honorable E. B. Anderson, who drafted the 1931 deeds, wrote James Marret, Jr., in Chattanooga, Tennessee that his father had signed, acknowledged, and recorded the 1931 deed conveying the life interest therein described to him. This letter was written with the knowledge and approval of the senior Mr. Marret. The witness

likewise produced the original of a letter he wrote to the junior Marret on August 5, 1941, approximately six weeks before the second deeds were executed. In that letter he informed the son that the father had directed him to write the letter to see if the son was willing to reconvey the property to him. The son answered in his own handwriting on the bottom of the letter in the following words:

"Dear Mr. E. B. Anderson.

"In reply to your letter of the 5th I will be in Owensboro in the next few days to confer with you. As to signing any papers, I will not do that. You know the circumstances in this case and I am surprised at you for asking me to do anything like that.

"James Marret"

Mr. Anderson testified that he received the reply and produced it on the trial and introduced it as an exhibit.

Counsel for appellant attacks the competency of Mr. Anderson's testimony upon the ground that it was a privileged communication. The objection to this testimony must be rejected because communications made by a party to his attorney, to be communicated to the adverse party, are not privileged. List's Ex'x v. List, 82 S.W. 446, 26 Ky. Law Rep. 691. In addition to this direct proof of delivery by the grantor and acceptance by the grantees, the recordation of the instruments raises a presumption of delivery, Bunnell v. Bunnell, 111 Ky. 566, 64 S.W. 420, 65 S.W. 607, 23 Ky. Law Rep. 800, and even acceptance, where, as here, the instruments were recorded by the grantor and knowledge of such fact was communicated to the grantees whose subsequent conduct was compatible with acceptance and incompatible with nonacceptance. Slayden v. Johnson, 296 Ky. 598, 178 S.W.2d 36. Moreover, the letter which Mr. Anderson wrote at the direction of his client requesting conveyance back was evidence that Mr. Marret, Sr., six weeks before executing the 1941 deeds was of the opinion not only that the 1931 deeds had been delivered but likewise that they had been accepted. Finally, both deeds were in the lock box of Mrs. Pruden at the time of the death of her father, which likewise raises a strong presumption in favor of delivery and acceptance. Harned v. Smoot, 306 Ky. 813, 209 S.W. 2d 485.

530

The only evidence that the deeds were not delivered is contained in the preamble to the ·deeds executed in 1941, wherein the grantor stated "which deeds (those of 1931) have always been and now are in my possession." Defendants objected to the introduction of this testimony and the court overruled the objection. We think the court should have sustained the objection on the ground that the declaration was self-serving. Similar declarations of a grantor have been rejected in evidence by this court in many cases, one of which is Head v. Head, 293 Ky. 371, 169 S.W.2d 25, 27. Therein the court said: "Sometimes evidence of a deceased person may be rendered competent, but never where the declaration is self-serving and contradictory of· the provisions of a writing he executed in his lifetime. In other words, to be competent the declaration must be against the interest of the declarant."

We are of the opinion that ,the evidence is conclusive that the 1931 deeds were delivered and accepted. It follows that Mr. Marret had no interest except his own life estate in the properties involved at the time he executed the 1941 deeds; and, since he reserved the life estate to himself in all of the deeds, the purported conveyances in 1941 were nullities. That being true, the court should have directed the jury to return a verdict for the defendants, which renders the complaint in respect to the instructions moot.

The judgment is affirmed.