## SMITH et al. v. JUSTICE et al.

Court of Appeals of Kentucky.
March 13, 1953.

P. B. Stratton, Pikeville, for appellants.
W. A. Daugherty, Pikeville, for appellees.

STANLEY, Commissioner.

Mrs. Louisa Sparks owned a tract of land on Bent Branch, a tributary of Johns Creek in Pike County. In April, 1932, she conveyed 15 acres to her daughter, Mrs. Vicy Lloyd. The description is general, referring to adjoining lands, the right-of-way of a road and other lines, with distances stated as "about 300 feet" and "about 600 feet." On the same day she conveyed the balance of the tract to another daughter, Mrs. Cora Johnson. The description is of the whole body of land by reference to ridges, bushes, trees, a stream, the "foot of the hill," and straight lines, but excepts "a parcel of about 15 acres of said land which includes the residence and other buildings this day conveyed by the party of the first part to Vicy Lloyd." It appears that Mrs. Sparks submitted her own memoranda of descriptions to an attorney for the preparation of the deeds. The result is confusion. In 1946 Mrs. Lloyd conveyed her parcel to the appellants, James and Elmo Smith, and Mrs. Johnson conveyed her parcel to the appellees, Claude and Blanche Justice. The descriptions in these deeds are likewise general and indefinite.

The present suit between the Smiths and Justices concerns their division line. Much contradictory evidence was heard on the issue, the surveyors not being in agreement. The judgment establishes and fixes the line in this language:

"Beginning at Bent Branch where the State Highway crosses the same, and thence down the road with the right of way on left side as you go down the branch to an iron pin; thence a straight line across said bottom and flat to a stake on the back of said flat on the lower end, and thence with what appears to be a cut at the back of said flat where the hill begins to rise and a straight line to the foot of the hill on lower side of Poplar Hollow, and thence with the foot of the hill to opposite a rock; and thence a straight line to said rock; thence being no controversy as to other lines of the parties."

One of the points made by the appellants is that the judgment is more indefinite than the descriptions contained in the deeds. We find no references in the record as to some of the physical conditions described.

The court had made a personal inspection of the property. The appellees have filed a cross-appeal for the sole purpose of joining this complaint of the appellants. They say that the judgment creates worse confusion than existed before the effort was made to properly locate the disputed division line.

Another point made by the appellants is that the court considered incompetent testimony and should have sustained their exceptions thereto. This was testimony of the two daughters and two or three other witnesses as to what the original grantor, Mrs. Sparks, had said as to where she intended or wanted the division line to be located, and to statements after the deeds had been made as to the location of the line.

The question is not where the grantor intended the division line to be or where she believed it to be. The question is where is it as described in her deeds. It is a rule of general acceptation that evidence of declarations of a deceased grantor is incompetent where the statements were contradictory of provisions in a writing executed by him in his lifetime; and such declarations are inadmissible against his grantee or successors to impeach the deed upon which title rests. Head v. Head, 293 Ky. 371, 169 S.W.2d 25. Accordingly, the statements of the grantor concerning the true location of the division line after she had conveyed the land are incompetent. A case close in point in Preston v. Vanhoose, Ky., 116 S.W. 279, 280, where a point "at the foot of the hill" was involved in locating a boundary line between two tracts originally owned by the same grantor. Such a point or object is involved in the present case. It was testified in the Preston case that the grantor had said the place where the appellants' new fence had been built was the correct line. The court said, "At most, that [such statements] would only be an admission in derogation of his title, if he had the title, but, as he had previously conveyed the fee of the tract now claimed by appellee, it could not affect her right."

The testimony of the two daughters in the instant case has the additional vice of violating section 606, Subsection 2, of the Civil Code of Practice, which disqualifies a witness from testifying for himself concerning any verbal statement of one who is dead. Williams v. Waddle, 285 Ky. 416, 148 S.W.2d 298.

The judgment is reversed in order that the court may consider the record after eliminating this and whatever other testimony may appear to be incompetent, and enter a judgment sufficiently definite to enable the parties to locate the line as the court establishes it. All other questions are reserved.

Judgment reversed.