**Beatrice FISK, Beatrice Fisk, Executrix under the Last Will of Harlie Fisk, Deceased, Appellants,**

v.

**The PEOPLES LIBERTY BANK & TRUST COMPANY, Robert C. Hoffman and Mary H. Hoffman, his wife, Appellees.**

Court of Appeals of Kentucky.

May 12, 1978.

Discretionary Review Denied Oct. 3, 1978.

William G. Reed, Jonesville, for appellants.

Richard S. Nelson, Covington, for Peoples Liberty Bank & Trust Co.

Robert C. Hoffman, Elsmere, for Robert C. Hoffman and Mary H. Hoffman.

Before HOWERTON, LESTER and WHITE, JJ.

LESTER, Judge.

Appellants complain of a partial summary judgment entered by the trial court which determined that a lease, escrow agreement, escrow deed and subsequent documents all to be valid and binding as between the parties.

In 1966, the Peoples Liberty Bank of Covington decided to improve its facilities at a branch office in Elsmere by adding thereto parking facilities. Harlie Fisk owned adjacent property suitable for the bank's purposes so appellee attempted to make an outright purchase of the land, but Fisk's attorney, E. H. Walton, thought it better to devise some plan whereby his client would not receive the entire purchase price at once, for he was fearful that "he (Fisk) will blow it in two weeks."

On July 26, 1966, Harlie and his wife, Beatrice, executed to the bank a lease of ten years duration for a stipulated monthly rental which contract gave the appellee the privilege of removing any structures situated upon the land. On the same date, the Fisks also executed a contract in favor of the bank which provided that upon the expiration of the lease and payment of the consideration provided for therein, that they would direct their escrow agent, Mr. Walton, to deliver a deed of general warranty to the bank. In the event that the attorney became unable to act as escrow agent, the appellee retained the right to name his successor. The contract further provided:

> In accordance with this agreement a deed to the properties described in said lease has as of the ___ day of _____, 1966, been deposited with E. H. Walton as Escrow Agent, it being a general warranty deed made, executed and delivered by the said Fisks to the said Escrow Agent for and on behalf of the Peoples Liberty Bank and Trust Company.

The Fisks executed a deed for the subject property dated July 26, 1966, to "E. H. Walton, Escrow Agent and his successors in office" which contained the following language:

> It is understood and agreed between grantors and grantee, that said Escrow Agent or his successor shall deliver to the Peoples Liberty Bank and Trust Compa-

ny of Covington, Kentucky, a General Warranty Deed to the aforementioned properties under the terms and conditions as set out in a contract entered into by the grantors herein and the Peoples Liberty Bank and Trust Company, which said contract is dated July ___, 1966 and recorded in _____ Book _____, Page ___, Kenton County records at Covington, Kentucky.

Harlie died on May 22, 1971, and on March 12, 1976, the agent executed a deed to the bank after the latter accelerated the last few payments due under the contract. On June 9th of the same year, Peoples Liberty conveyed the property to appellees, Robert C. Hoffman and his wife, Mary, who caused an office building to be constructed upon the land.

All of the foregoing documents were executed as the voluntary act and deed of all the parties and they were duly recorded in the county clerk's office. No question of adequacy of consideration is raised.

Appellant filed her action in the circuit court to recover title to the property and for ejectment of the Hoffmans upon the theory that the Fisks' deed to Walton never created the office of escrow agent and therefore, all subsequent conveyances were a nullity. After reviewing the record and the thirty-five page deposition of the bank's president, the trial court granted a partial summary judgment to the defendant—appellees upon the question of law and referred the matter to the master commissioner for a current report upon the financial status of the transaction.

We agree with the Kenton Circuit Court.

Appellant cites *Home Insurance Company Of New York v. Wilson,* 210 Ky. 237, 275 S.W. 691 (1925) as setting out the essentials for the creation of an escrow but we observe that the court said at page 241, 275 S.W. at pages 692–93:

> We are, therefore, relieved from a discussion of the technical and somewhat variant rules concerning the legal establishment of escrow relations.

We prefer the general principles enunciated in 30A C.J.S. *Escrows* § 2 at 968 to the effect:

> In order that an instrument may operate as an escrow, not only must there be sufficient parties, a proper subject matter, and a consideration, but the parties must actually and validly contract with respect thereto, and the deposit of the instrument in pursuance of such contract must be absolute and beyond the control of the depositor, . . . . In order to create an escrow the grantor and grantee must agree to all the terms of the instructions; the escrow agreement should be clear and definite. The contract must be so complete that it only remains for the grantee or other person to perform the condition, or the event to happen, to give the instrument effect.

In the case at bar, we have sufficient parties, namely, the Fisks as lessors and grantors, the bank as lessee and eventual grantees and attorney Walton as escrow agent and depository. Moreover, the contract entered into by the parties sets forth the terms and conditions, not only in that instrument itself, but by reference to the lease. The deposit of the subject matter in pursuance of the contract was absolute and beyond the control of the Fisks to such an extent that they divested themselves of title by deeding the land to the escrow agent. By the terms of the instrument of conveyance, the agent was to reconvey to the bank upon fulfillment of the conditions of the contract as more fully hereinabove set forth. The transaction cannot be faulted because *title* was temporarily placed in the agent, for this appears to us to be a purer form of escrow than the average situation where the title is placed in the grantee and the depository merely holds that executed instrument.

It cannot be argued that there was any ambiguity in the terms and conditions as between the parties nor can it be said that the instructions to the agent were unclear. The appellants could exercise no control over the property and could only regain title if the appellee violated any of its obli-

gations under the contract and lease. No contention can be made as to lack of delivery to the depository, for recordation raises a presumption of delivery. *Linthicum v. Pruden,* 313 Ky. 527, 233 S.W.2d 98 (1950), 26A C.J.S. *Deeds* § 187 at 24.

 Appellant urges that the fact that the escrow agent was attorney for the grantors defeats the agency and it is true that the general rules of escrow would have prohibited such a practice in the past, but the law since 1909 has been that one may be an agent of both parties to an escrow if there is nothing inconsistent or antagonistic between his acts for the one and the other. *J. I. Case Threshing Machine Co. v. Barnes,* 133 Ky. 321, 117 S.W. 418 (1909). There is not one shred of evidence that Mr. Walton did anything inconsistent with the interests of either party or with the terms and conditions of the several written instruments. We wish to point out that the agent in this case was a member of the bar and subject to an expectation of a greater degree of integrity than the average nonprofessional person acting in the same capacity. For a more detailed discussion of the permissibility of attorneys for either grantors or grantees acting as escrow agents, see 28 Am.Jur.2d *Escrows* §§ 13 and 14 at 21 et seq. and 30A C.J.S. *Escrows* § 7d at 984.

The modern approach to the relationship created in this litigation is that of treating the agent as an escrow holder as is more fully discussed in *Restatement (Second) of Agency* § 14 D. and Appendix thereto.

Having reached the foregoing conclusions, it will be unnecessary to deal with appellees' issue of the statute of limitations.

The judgment is affirmed.

ALL CONCUR.