## Preston et al. v. Harlow.

Feb. 14, 1939.

WHITE & SMITH for appellants.
J. WOOD VANCE and RICHARD L. GARNETT for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This suit involves the validity of a deed, the provisions of which, aside from the description of the property, are:

"This Deed made and entered into this 30th day of December 1920 by and between Burt Harlow and Mayme B. Harlow, his wife, parties of the first part, and Joseph Gardner, unmarried, party of the second part.

"Witnesseth: That in consideration of the reconveyance by the said second party to the first parties as hereinafter set out the said parties of the first part have granted, bargained, and sold and hereby convey with the covenant of General Warranty unto said party of the second part, his heirs and assigns forever, the following described tracts or parcels of land, lying and being in Barren County, Kentucky. (Description of the property follows)

"And in consideration of and pursuant to the agreement to reconvey the property hereinabove set out the said party of the second part has granted, bargained and sold and does hereby convey with covenant of General Warranty the said above described property unto said parties of the first part for their joint lives as tenants in common with remainder in fee simple to the survivor of them, his or her heirs and assigns forever.

"In Testimony Whereof, witness the signatures of the parties hereto the day and date aforesaid.

"Burt Harlow
"Mayme B. Harlow
"Joseph Gardner"

Mayme B. Harlow died intestate in 1929. This suit was brought by her heirs at law in 1937 to have the property sold and the proceeds of the sale divided between Burt Harlow and themselves in accordance with their respective interests. In 1933 three of the parties plaintiff executed a quit-claim deed to Burt Harlow to any interest they might have in the property. After his demurrer to the petition was overruled, appellee filed an answer, counterclaim and set-off in which he claimed the property under the deed heretofore quoted. He averred that he and his wife, Mayme B. Harlow, ex-

ecuted and delivered a deed to Joseph Gardner for the property described in appellants' petition and that thereafter, in the same instrument of writing, Joseph Gardner duly executed and delivered a deed to Mayme B. Harlow, his wife, and himself. Appellants' demurrer to certain paragraphs of appellee's answer was over-ruled. They declined to plead further and the cause was submitted for final judgment on the pleadings. The trial court adjudged that the petition be dismissed.

In appealing from this judgment appellants are insisting, principally, that the deed relied upon by appellee is of no effect on the ground that there was no delivery and no acceptance of the deed, and that Joseph Gardner having no title to the land could convey no title to appellee and his wife. The usual arrangement for the accomplishment of such a purpose as set out in the deed herein would have involved two deeds; one from appellee and his wife to Joseph Gardner, and another from Joseph Gardner back to them. The question is: Can such a purpose be accomplished in one instrument of writing?

We have reached the conclusion that the judgment of the lower court should be affirmed and that the deed in question is valid. When Burt and Mayme B. Harlow signed the deed and delivered it to Joseph Gardner, title passed from them to Gardner. When Gardner signed the deed and delivered it back to the Harlows, title passed to them, and the obvious purpose and intention of providing that they hold the property for their joint lives as tenants in common with remainder in fee simple to the survivor was accomplished. Whether Gardner had conveyed the property to the Harlows, or kept it himself, would not have affected appellants, because the door was closed to them when Burt and Mayme B. Harlow signed and delivered the deed to Gardner.

No certain form is required in a deed, and the courts look to the intent of the parties, with the view of giving effect thereto, where the intent is clear or can be ascertained. Furthermore, there are no hard and fast rules as to the delivery and acceptance of a deed. Here, too, the courts look to the law and the facts with the view of attempting to ascertain the intent of the parties. In the case of a voluntary deed, as in the case at bar, the law presumes more in favor of the delivery of

such deeds than in an instance where property is bargained and sold. 8 R. C. L., section 69, page 1009. Kirby v. Hulette, 174 Ky. 257, 192 S. W. 63; Hinton's Ex'r v. Hinton's Committee, 256 Ky. 345, 76 S. W. (2d) 8. It is clear from the deed on its face, and also from the accompanying circumstances set forth in the record, that Burt and Mayme B. Harlow intended to and did convey the property in question to Joseph Gardner, and that Gardner intended to and did reconvey the property to the Harlows under a deed including a survivorship provision for Burt and Mayme B. Harlow.

Judgment affirmed.