# Harned et al. v. Smoot.

March 9, 1948.

Ward Yager, Judge.

Thomas & Thomas and R. C. Ford, Jr., for appellants.

H. W. Alexander and L. A. Ackerman for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

W. K. Smoot died intestate in March 1942, leaving surviving him his wife and five daughters, one being ap-

pellee who was defendant below. Three of the four daughters are appellants; they filed suit seeking to have cancelled a deed executed to appellee.

In May 1940 W. K. Smoot and wife executed a deed to their farm of 188 acres, located in Owen County, to the daughter, Ellen, who had always resided with them on the farm. The deed was acknowledged by a notary public in the presence of all of the parties, and was recorded April 3, 1942, shortly after the death of the grantor, W. K. Smoot.

Plaintiffs filed petition in equity seeking to have the deed set aside on grounds of (1) non-delivery, (2) mental incapacity of the grantor, and (3) undue influence. The court directed an issue out of chancery submitted to the jury on the questions raised. At the conclusion of plaintiffs' evidence the defendant moved the court to instruct the jury peremptorily to find for her on all three questions. The court found as a matter of law that the deed was in possession of the defendant, and was by her taken and lodged for record, and since there was no evidence to the contrary, held there was delivery. The court found as a matter of law that the decedent, W. K. Smoot, had sufficient mental capacity to execute the deed, and the jury was instructed to find for the defendant on both questions. The question of undue influence was submitted and the jury unanimously agreed that no undue influence had been exercised.

Appellants are here with a very meager bill of exceptions. They did not choose to include in this record, or as part of the bill, a transcript of the evidence adduced. We are necessarily precluded from reviewing any question outside the scope of the bill of exceptions. It is an established rule that where the testimony is heard in the trial court, even in equity cases, and it is not made a part of the record on appeal, this court is bound by the findings of the court or a jury, and must assume that such findings were supported by the evidence. Demaree v. Demaree, 285 Ky. 672, 49 S. W. 2d 3; Stephan v. Kentucky Valley Distilling Co., 275 Ky. 705, 122 S. W. 2d 493. There is presented here no question of sufficiency of pleadings. The bill of exceptions and briefs of appellants raise two points. First, whether or not the peremptory instruction as to delivery

should have been given; the second concerns the admissibility of numerous checks and other writings which were introduced by the defendant.

It is recited in the bill that the only evidence on the question of delivery at the time of the giving of the peremptory instruction on delivery, was the testimony of one of the appellants, Mrs. Ellis, to the effect that the deed was kept in a box with her father's papers; that after his death the appellee was seen in company with her mother, with some of her father's papers spread on a chair; that thereafter appellee had the deed and after going to see a relative, went to Owenton and had it recorded. Appellant strongly urges that the peremptory should not have been given, since the only evidence concerning delivery of the deed was as above set out.

In the peremptory instruction on the question of delivery it is recited: "The court finds as a matter of law," as is above stated. At first blush this seems to be in conflict with the testimony of Mrs. Ellis, but a consideration of her testimony leads us to the conclusion that the chancellor correctly found that her testimony did not amount to probative evidence.

Mrs. Ellis stated, according to the bill, that the deed was kept in a box along with papers of her father. This does not negative the idea of delivery in the least. Since the grantee lived in the same house with the grantor the box may well have been a common depository. It is not shown how long the deed was kept there and, more important, it is not shown that it was there at the time of grantor's death. Mrs. Ellis further testified that after her father's death Ellen Smoot was seen in company with her mother, with some of her father's papers spread out on a chair. She does not say that the deed in question was among the papers. It is not unnatural for a member or members of the family living in the home to examine papers of a deceased parent, and no inference of dishonesty is raised by the daughter's and mother's examination of the papers, nor in the fact that Mrs. Ellis said "thereafter" appellee took the deed to the proper office for recording. Her possession of the deed as grantee supplied the "theretofore" necessary to give her the benefit of any doubt.

In the case of a voluntary deed the law presumes

more in favor of delivery than in cases where property is bargained and sold. Preston et al. v. Harlow, 276 Ky. 799, 125 S. W. 2d 726. Where possession of a deed is in grantee, there is a strong presumption of complete delivery and effective transfer of title, which casts the burden on the one questioning the deed to establish by convincing proof that intention of grantor was not to pass title. McHargue v. McHargue, 269 Ky. 355, 107 S. W. 2d 278. Here the evidence of appellants fell far short of the burden imposed.

One of the cardinal principles of our law is that the cancellation of a deed calls for the exercise of an extraordinary power by a court of equity. The chancellor should not use the power in the absence of strong evidence. Fields v. Cornett, 254 Ky. 35, 70 S. W. 2d 954; Schimmelpfennig v. Jungkind, 273 Ky. 182, 115 S. W. 2d 895.

Appellant's second mildly discussed contention is that the court was in error in admitting the introduction by appellee of "numerous checks and exhibits over objection of plaintiffs." This language is quoted from the bill of exceptions, and there is no evidence in the record showing how or in what manner the checks were introduced or discussed, or whether they were examined by the chancellor or the jury, and the brief of appellant does no more than suggest that their introduction was prejudicial, giving no reason why the evidence was incompetent, if it were so, or whether they bore on the questions of mental incapacity, undue influence or non-delivery.

We note from the record that in the schedule filed by appellant the clerk was directed to copy the entire record, except the exhibits. After the record came to our clerk's office, appellant moved the circuit clerk to have these exhibits sent here; the court overruled the motion; later this court sustained appellant's motion to have the clerk lodge them with the transcript. In all these motions is there, as there is not in appellant's brief, anything to show why objection was made to their introduction; we may assume that the objection was based on subsection 2 of section 606, Civil Code of Practice.

Notwithstanding we have examined the numerous

checks and other documents, and minus some explanation or relative testimony, we fail to find that they manifest, save in six or eight instances out of more than one hundred, anything that would smack of any verbal statement of, transaction with or any act done or omitted by the decedent. Since there is no explanatory evidence before us we cannot say that the chancellor erroneously admitted them.

A careful consideration of the record leads to the conclusion that there is nothing presented which would authorize reversal of the judgment.

Judgment affirmed.