Charles **BENNETT**; Annetta Bennett; Dock Bennett; Frona Bennett; and Stonington Properties, Appellants,

v.

John C. **BOURNE** and Martha J. Bourne, Appellees.

98–SC–1023–DG.

Supreme Court of Kentucky.

Nov. 18, 1999.

William P. Thurman, Jr., Thurman, White, McCann & Anderson, Lexington, for Appellants.

Robert L. Gullette, Jr., Gullette & Gullette, Nicholasville, Brian Thomas Goettl, Gullette & Gullette, Nicholasville, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed and remanded the summary judgment granted to Stonington Properties by the circuit court in a foreclosure action involving the enforceability of a mortgage.

The principal issue is whether the mortgage on the Bourne property was void because Stonington Properties was not licensed as a mortgage loan company pursuant to Chapter 294 of the Kentucky Revised Statutes at the time the mortgage loan was entered into, nor did they, at that time, file for a claim of exemption from licensing under that statute.

In 1994, John C. and Martha J. Bourne borrowed $48,500 from Stonington Properties, executing a note secured by a mortgage on residential property in Nicholasville. The last documented payment by the Bournes was made in December 1994. Stonington and its partial assignees, the Bennetts, declared a default, and in March of 1995, filed a foreclosure action in circuit court. The Bournes subsequently filed a bankruptcy petition.

The circuit court granted the motion for summary judgment and determined that the undisputed evidence was that the Bournes were in default under their written note and mortgage. Although acknowledging the belief of the Bournes that Stonington was operating in violation of KRS 294, the circuit judge considered such a contention was not a defense to the legality of the note and mortgage sued upon.

The Court of Appeals panel agreed with the circuit court that the Bournes were in default, but reversed, reasoning that the mortgage was rendered unenforceable by the failure of Stonington to procure a license pursuant to KRS 294.030. This appeal followed.

Stonington Properties argues that the failure of the legislature to enact a provision for the voiding of a mortgage when a lender is not licensed and exempt under

KRS Chapter 294, although it did provide for such a remedy in other situations, prohibited the Court of Appeals from so legislating by judicial fiat. Stonington questions whether the voiding of a mortgage, if so permitted to be accomplished by judicial fiat, should be exercised only when a lender is not licensed and not exempt, or should it be permitted when a lender is exempt, but had not filed a claim of exemption pursuant to KRS 294.020(2) at the time of the making of the loan. The filing requirement, now codified at KRS 294.020(3), was amended by the Legislature in 1998 so as to no longer require the filing of such a claim except in the limited instance of broker-dealers, agent or investment advisors, real estate brokers and real estate sales associates. *See* 1998 Ky. Acts, Chapter 197 (H.B.515) § 1. Stonington also claims that the trial judge did not consider an issue of whether or not it was licensed, exempt or not exempt under the provisions of KRS Chapter 294 as being relevant to the issue of legality of the default proceedings.

The Bournes respond that the opinion rendered by the Court of Appeals was properly based on Kentucky case and statutory law and did not exceed the power of the court. They also contend that the issue of whether or not Stonington Properties was either licensed or exempt was properly before the trial court and any proof which Stonington had relative to those issues should have been presented at that time. Consequently, they maintain that this matter should not be returned to the trial court for the taking of proof by Stonington which should have been properly presented at that stage of the proceedings.

KRS 294.030(1) states as follows:

It is unlawful for any person to transact business in this state, either directly or indirectly, as a mortgage loan company or mortgage loan broker if he is not licensed under this chapter, unless such person is exempt under KRS 294.020.

KRS 294.020(1) provides in pertinent part, even as amended in 1998, as follows:

The following shall be exempt from this chapter (a) any person doing business under the laws of this state or any other state or the United States relating to ... consumer finance companies ... and the affiliates of such companies....

The Court of Appeals conceded the absence of a statutory penalty voiding a note or mortgage for violation of KRS 294.030. However, the panel perceived support for declaring the mortgage unenforceable in an analogy to the public policy considerations expressed in the unlicensed business broker litigation resolved by a different panel of the Court of Appeals in *Kirkpatrick v. Lawrence*, Ky.App., 908 S.W.2d 125 (1995). In that case, the Court of Appeals panel determined that a business broker commission could not be recovered in the absence of a real estate license under KRS 324.020. *Kirkpatrick* is distinguishable and should not be overruled by implication. Here, Bennett does not wish to recover a commission or fee, but only principal.

KRS 294.120(11) provides for the voiding of a mortgage. Generally, the conditions of such an action include the circumstance where a lender fails to disclose that it has a dual capacity, if it fails to comply with the terms of a commitment to make the loan, if it violates the usury provisions of Kentucky law or if the terms and conditions of the loan are deemed to be unfair under rules set out by the commissioner of the Department of Financial Institutions. Under these circumstances, the mortgage can be voided and the lender can only receive in return the principal balance. There are no other statutory provisions which impose a penalty such as voiding the mortgage for a violation of any of the provisions of the chapter.

KRS 294.120(11), is a codification of the common law on the issue of voiding a mortgage. Mistake, misrepresentation, duress and fraud have always been grounds for the recision of a mortgage. *See* 59 C.J.S., *Mortgages* § 120 et seq.

None of such situations have been alleged in this case. The fact that the borrowers are now bankrupt does not amount to any of the conditions set out above. The Bournes seek to set aside the mortgage solely because Stonington was not licensed and not exempt from the statute at the time of the making of the loan.

In order to justify the voiding of a mortgage under such conditions, it would have to be established that there was a mistake "so fundamental in character as to preclude the meeting of the minds of the parties on a material fact." *See* 59 C.J.S. *Mortgages* § 121. The record indicates that Stonington was not acting in any improper manner toward the Bournes so as to force them to engage in a course of conduct detrimental to themselves.

The purpose of Chapter 294 is to protect the public against unfair and oppressive loan provisions. KRS 294.110 and KRS 294.120 impose specific sanctions for violations of the statute. In addition KRS 294.190 permits the commissioner of the Department of Financial Institutions to issue a cease and desist order in the event that the Department determines that a mortgage loan company is conducting its business in an unsafe or injurious manner in violation of the statute and the rules and regulations pursuant thereto. KRS 294. 990 provides both felony and misdemeanor penalties in the event of a violation of the statute.

The judicial cancellation of a contractual agreement or the voiding of a mortgage is an extraordinary remedy and should be used with caution only when the case is clear and the evidence is strong and convincing. *See Craton v. Fritschner*, 309 Ky. 683, 218 S.W.2d 14 (1949); *Harned v. Smoot*, 306 Ky. 813, 209 S.W.2d 485 (1948). The remedy of voiding the mortgage is too broad and unnecessary when such a remedy should be left to the General Assembly to impose if they consider such a penalty or remedy to be appropriate. The voiding of a mortgage is an extraordinary step because it deprives, after the fact, a lender of the security for the loan which the lender believed it had and which, but for that security, the lender may not have extended to the mortgagor. This is particularly the case where the lender understands that there is a past history of financial problems associated with the entity to whom the loan is being made.

The interpretation placed on KRS 294 by the Court of Appeals panel could have an impact on the validity of numerous mortgages made by lenders not filing, but eligible in fact, for a statutory exemption. The potential existence of many such mortgages might explain why the General Assembly imposed no mortgage enforcement penalty for violating KRS 294.030.

The decision of the Court of Appeals as to the voiding of the mortgage is reversed and the judgment and order of sale entered by the circuit court is reinstated.

All concur.