

# NUMBER 13-25-00133-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STATE NATIONAL INSURANCE COMPANY, J&D CLAIMS SERVICES, AND MARK STEVENS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relators State National Insurance Company

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

(SNIC), J&D Claims Services (J&D), and Mark Stevens contend that the trial court[2] abused its discretion by: (1) striking SNIC's plea in intervention; (2) denying their motions to dismiss J&D and Stevens from the lawsuit; (3) denying SNIC's motion to compel appraisal; and (4) denying J&D's and Stevens's motion to quash depositions. We conditionally grant mandamus relief in part and deny it in part.

## I. BACKGROUND

Real party in interest German Garcia is the named insured on a property insurance policy issued by SNIC. Asserting that his home sustained extensive damage from a storm, Garcia submitted a property damage claim to SNIC. SNIC, acting through its third-party administrator Wellington Claim Service, LLC (Wellington), assigned J&D and its adjuster Stevens to inspect Garcia's property and investigate his claim. SNIC thereafter determined that part of Garcia's claim relating to wind damage was covered by his insurance policy, but certain other damages to the home's roof and interior damages were preexisting or were otherwise not covered.

On July 19, 2023, Garcia's counsel sent Wellington a letter of representation, and on September 8, 2023, Garcia's counsel sent Stevens a demand letter alleging that he "denied and/or underpaid major portions of the claim and failed to properly adjust the claim." In response, Wellington, acting as claims administrator for SNIC, advised Garcia that SNIC: (1) requested reinspection of the property; (2) made a settlement offer; and (3) elected to accept whatever liability its agents might have to Garcia pursuant to Texas

---

[2] This original proceeding arises from trial court cause number CL-23-4532-E in the County Court at Law No. 5 of Hidalgo County, Texas, and the respondent is the Honorable Arnoldo Cantu. *See id.* R. 52.2. This case previously gave rise to a separate petition for writ of mandamus, which we denied without explanation. *In re J&D Claims Servs.*, No. 13-24-00297-CV, 2024 WL 3943453, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2024, orig. proceeding) (mem. op.)

Insurance Code § 542A.006. *See* TEX. INS. CODE ANN. § 542A.006 (governing an insurer's election of legal responsibility in an action against its agents). Garcia allowed reinspection of the property, and thereafter, SNIC issued a supplemental payment to Garcia for his claim. On November 7, 2023, SNIC invoked an appraisal clause in its insurance policy; however, Garcia failed to comply with SNIC's request for appraisal.

On November 8, 2023, the day after SNIC invoked appraisal, Garcia filed suit against J&D and Stevens alleging that they failed to properly investigate and adjust his property damage claim. Garcia asserted causes of action against them for negligence, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Garcia did not name SNIC as a defendant in his lawsuit.

On January 19, 2024, J&D and Stevens filed a motion to dismiss the claims against them pursuant to Texas Insurance Code § 542A.006. *See id.* On February 22, 2024, after receiving a response from Garcia and additional briefing from the parties, the trial court issued an order denying their motion to dismiss.

On January 22, 2025, Garcia filed a first amended petition against J&D and Stevens reiterating and expanding on his previous allegations and claims but clarifying that he was not alleging a breach of the insurance policy or otherwise seeking policy benefits. Garcia alleged that he was only pursuing tort claims against J&D and Stevens.

On January 30, 2025, SNIC filed a plea in intervention. SNIC alleged that it issued Garcia's insurance policy; hired J&D and Stevens to inspect Garcia's property; found partial coverage for Garcia's claim; and issued payment to him minus his deductible and depreciation. SNIC argued that Garcia's claims were either its sole responsibility or a responsibility that it shared with J&D and Stevens. SNIC explained that it was the only

3

party liable under the insurance policy and that all Garcia's claims arose from his contention that he was wrongfully underpaid under the policy. SNIC also alleged that it had previously elected to accept whatever liability its agents, including J&D and Stevens, had to Garcia under § 542A.006 of the Texas Insurance Code. *See id.* In this pleading, SNIC reiterated its election to assume its agents' responsibility.

On January 30, 2025, SNIC also filed a separate motion to dismiss the claims against J&D and Stevens on grounds that it had elected to assume their liability under § 542A.006. *See id.* That same day, J&D and Stevens filed a motion seeking reconsideration of the trial court's order denying their motion to dismiss alleging that they were presenting new grounds for dismissal.

During the pendency of the lawsuit, Garcia filed notices of intent to depose Stevens and a corporate representative for J&D. On January 31, 2025, J&D and Stevens filed motions to quash these depositions because, *inter alia*, the lawsuit against them should be dismissed under § 542A.006. *See id.* On February 7, 2025, Garcia filed an emergency motion to compel these depositions. Garcia also sought sanctions against J&D and Stevens based on their refusal to participate in discovery.

On February 12, 2025, SNIC filed a motion to compel appraisal and abate the lawsuit. The record does not indicate that Garcia filed a response specifically addressed to SNIC's motion regarding appraisal.

On February 18, 2025, Garcia filed a motion and an amended motion seeking to strike SNIC's plea in intervention and responding to SNIC's motion to dismiss. Garcia alleged that he had "expressly limited" his claims to include only those against the adjusters "for their individual tortious conduct." He explained that he had not asserted any

4

claims for policy benefits or payment under the policy. Garcia thus alleged that SNIC "cannot manufacture a controversy by attempting to intervene in pure tort claims against individual adjusters." Garcia further argued that SNIC could not rely on § 542A.006 to support its plea in intervention and the motions to dismiss because that section only applies if the insurer is a party to the lawsuit. Garcia thus requested the trial court to strike SNIC's plea in intervention, deny its motion to dismiss, and deny J&D's and Stevens's motion for reconsideration.

On February 24, 2025, SNIC filed a response to Garcia's amended motion to strike, and the next day, Garcia filed a sur-response. Ultimately, on March 5, 2025, the trial court issued six orders: (1) granting Garcia's amended motion to strike SNIC's intervention; (2) denying SNIC's motion to dismiss; (3) denying J&D's and Stevens's motion for reconsideration of their motion to dismiss; (4) denying SNIC's motion to compel appraisal; (5) denying J&D's motion to quash the deposition of its corporate representative; and (6) denying Stevens's motion to quash his deposition.

On March 19, 2025, relators filed this petition for writ of mandamus and a motion to stay. *See* TEX. R. APP. P. 52.10. We granted the motion to stay, stayed the proceedings below, and requested Garcia to file a response to the petition for writ of mandamus. Garcia filed a response to the petition for writ of mandamus, and relators filed a reply thereto. *See id.* R. 52.4, 52.5, 52.8.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148

5

S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III. PLEA IN INTERVENTION

In their first issue, relators assert that the trial court abused its discretion by denying SNIC's plea in intervention and granting Garcia's motion to strike the intervention. They allege that SNIC has a justiciable interest in the underlying lawsuit because:

    a.    SNIC's rights and duties will be affected by a judgment against [J&D and Stevens] because SNIC accepted any liability they may have pursuant to Texas Insurance Code [§] 542A.006;

    b.    Garcia is attempting to adjudicate coverage and liability disputes under SNIC's [p]olicy, while excluding SNIC from participating in the lawsuit;

    c.    SNIC is the only one that can enforce the terms and conditions of the [p]olicy and its liability is affected by any judgment in the underlying case; and

    d.    SNIC has invoked its right to appraisal under the [p]olicy to determine the amount of the loss and whether any additional policy benefits may be owed to Garcia. Payment of the appraisal award will render Garcia's claims against [J&D and Stevens] for "bad faith" moot.

In response, Garcia argues that SNIC lacks a justiciable interest in the suit because it could never be held liable to him, despite its election, if he were to recover against J&D and Stevens because he has expressly disavowed any claims for breach of contract or policy benefits. Garcia argues that SNIC's "contention that it had a justiciable interest in

6

the litigation because it faced some contingent or speculative liability in the event of a recovery by Garcia against [J&D] and Stevens is patently wrong and will not support intervention."

## A. Intervention

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60; *see Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). A party opposing the plea in intervention has the burden to challenge it by filing a motion to strike. *Id.*; *see Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.). If a motion to strike is filed, the intervenor has the burden to show that it possesses a justiciable interest in the suit. *Nghiem*, 567 S.W.3d at 721; *In re Union Carbide Corp.*, 273 S.W.3d at 155; *Mass. Bay Ins.*, 615 S.W.3d at 602.

An intervenor possesses a justiciable interest when it "could have brought the same action, or any part thereof, in [its] own name, or, if the action had been brought against [it], [it] would be able to defeat recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *see Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.). A justiciable interest is comparable to an interest that is "essential for a party to maintain or defend an action." *Williamson v. Howard*, 554 S.W.3d 59, 66 (Tex. App.—El Paso 2018, no pet.) (quoting *McCord v. Watts*, 777 S.W.2d 809, 811 (Tex. App.—Austin 1989, no

writ)); *see J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.). In general terms, a party may intervene when its interests will be affected by the litigation. *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). The intervenor's interest may be legal or equitable in nature. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *Williamson*, 554 S.W.3d at 66. However, the interest may not be merely contingent or remote. *Williamson*, 554 S.W.3d at 56; *Smith*, 523 S.W.3d at 241; *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70.

We review the trial court's ruling on a motion to strike an intervention for an abuse of discretion. *Farmers Grp., Inc.*, 620 S.W.3d at 713; *Williamson*, 554 S.W.3d at 66; *Ins. Co. of State of Pa. v. Neese*, 407 S.W.3d 850, 853 (Tex. App.—Dallas 2013, no pet.). The trial court's discretion is "broad" but not unlimited. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66. The trial court must grant a motion to strike if the intervenor fails to establish a justiciable interest in the lawsuit. *In re Union Carbide*, 273 S.W.3d at 156; *see Williamson*, 554 S.W.3d at 66. Concomitantly, it is an abuse of discretion to strike a plea in intervention when: (1) the intervenor could have brought the same action or a part thereof in its own name or the intervenor would be able to defeat recovery or a part thereof; (2) allowing the intervention "will not complicate the case by an excessive multiplication of the issues"; and (3) "the intervention is almost essential to effectively protect the intervenor's interest." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243.

8

Although most interventions involve parties who intervene as plaintiffs, "intervenors can occupy the position of a defendant where their claims and prayer align them with the defendant and pit them directly against the plaintiff, even if no parties assert claims against them." *In re Ford Motor Co.*, 442 S.W.3d 265, 275 (Tex. 2014) (orig. proceeding). When "a judgment for the plaintiff may lead to an action against the intervenor or otherwise seriously prejudice the intervenor, the intervention is necessary to assure a proper defense against the claim." *Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 797 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *see Evan's World Travel, Inc. v. Adams*, 978 S.W.2d 225, 234 (Tex. App.—Texarkana 1998, no pet.); *see also De La Rosa v. Avery*, No. 12-23-00112-CV, 2023 WL 7178022, at *3 (Tex. App.—Tyler Oct. 31, 2023, no pet.) (mem. op.). This holds true even when the intervenor has not or could not be sued directly. *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234; *see also De La Rosa*, 2023 WL 7178022, at *3.

## B.     Texas Insurance Code § 542A.006

SNIC asserts in part that it possesses a justiciable interest in the case because it has accepted any liability that J&D and Stevens might have to Garcia under Texas Insurance Code § 542A.006. *See* TEX. INS. CODE ANN. § 542A.006. Garcia argues in contrast that § 542A.006 does not apply to this case because SNIC is not a party to the action at issue. The parties' arguments on this issue principally concern the proper construction of the insurance code, which is a question of law we consider de novo. *GEO Group, Inc. v. Hegar*, 709 S.W.3d 585, 591 (Tex. 2025). "We look first and foremost to the plain and common meaning of the statute's or rule's words in context." *Id.*

9

Texas Insurance Code Chapter 542A applies to actions involving first-party insurance claims arising from damage caused by hail and wind. *See* TEX. INS. CODE ANN. §§ 542A.001(2), .002(a); *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 474 (5th Cir. 2022) (per curiam). Subject to certain limitations that are not applicable here, this section provides that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE ANN. § 542A.006(a); *see id.* § 542A.006(h) (providing an exception for insurers who are in receivership). The insurer may not revoke this election, and a court may not nullify it. *Id.* § 542A.006(f).

If the insurer makes such an election *before* the claimant files the action, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). If the insurer makes the election *after* the claimant files suit, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). An insurer's election "is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omission." *Id.* § 542A.006(e). In any event, if the insurer makes the election and

> the agent is not a party to the action, evidence of the agent's acts or omissions may be offered at trial and, if supported by sufficient evidence, the trier of fact may be asked to resolve fact issues as if the agent were a defendant, and a judgment against the insurer must include any liability that would have been assessed against the agent.

*Id.* § 542A.006(g). "In an action tried by a jury, an insurer's election . . . may not be made known to the jury." *Id.* § 542A.006(i).

10

Garcia argues that the language of subsection (a) of this section, referring to "an insurer that is a party to the action" requires an insurer to be a party to the lawsuit to make such an election, and here, SNIC is not a party to his lawsuit. Garcia contends that adopting any other interpretation of § 542A.006 would extinguish the right to hold adjusters independently liable for their acts and omissions. We have rejected the argument that an insurer must be a party to the case to make an election under § 542A.006. *See In re Trisura Ins.*, No. 13-25-00139-CV, 2025 WL 2094147, at *5–6 (Tex. App.—Corpus Christi–Edinburg July 25, 2025, orig. proceeding); *In re Certain Underwriters at Lloyd's, London*, No. 13-25-00088-CV, 2025 WL 1914403, at *5 (Tex. App.—Corpus Christi–Edinburg July 11, 2025, orig. proceeding). We have also determined that this interpretation does not extinguish causes of action against insurance agents[3] because the election procedure under § 542A.006 instead shifts liability for those causes of action to the insurer. *See In re Trisura Ins.*, 2025 WL 2094147, at *6; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *5; *see generally* TEX. INS. CODE ANN. § 542A.006. We review the propriety of SNIC's intervention accordingly.

## C. Analysis

We examine the factual allegations in the parties' pleadings to determine whether SNIC has a justiciable interest in the lawsuit. *Williamson*, 554 S.W.3d at 66–67; *Smith*, 523 S.W.3d at 241; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243. In his first amended petition, Garcia alleges that J&D and Stevens failed to reasonably investigate his claim,

---

[3] Adjusters engaged in the business of insurance may be held individually liable. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 622 (Tex. App.—Fort Worth 2017, pet. denied); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, at 944–45 (S.D. Tex. 2019).

11

misrepresented material facts regarding insurance coverage and the scope of loss, committed various violations of the Texas Insurance Code, and violated the Texas Deceptive Trade Practices Act. Garcia alleged, in part, that his "claim was improperly adjusted, inadequately paid, and wrongfully denied." He clarified that he was "seeking only tort claims against [J&D and Stevens], as no breach of contract claims are alleged or sought herein, nor is [he] seeking any form of 'policy benefits' or asserting entitlement to same in any manner or way." Garcia thus stated that the damages that he sought were "independent of any claim for policy benefits."

SNIC's plea in intervention alleged that it issued Garcia's insurance policy; it hired J&D and Stevens to inspect Garcia's alleged damages; and it made the claim determination. SNIC argued that J&D and Stevens had no contractual relationship with Garcia, whereas it did, and it had elected to accept whatever liability that they had to Garcia under § 542A.006, and thus it had an interest in defending against Garcia's claims.

On similar facts, we have held that the trial court abused its discretion by refusing to allow an insurer to intervene in a lawsuit filed by its insureds against its agents. *See In re Trisura Ins.*, 2025 WL 2094147, at *6; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6. In each of these cases, we determined that the insurers possessed a justiciable interest in the lawsuits because: (1) a judgment in favor of the insureds would likely lead to an action against the insurers because the insurers had elected to accept their agents' liability under § 542A.006; (2) the agents, as non-parties to the insurance policy, could not invoke appraisal which might defeat the insureds' claim or a part thereof; and (3) the insureds' claims, however characterized, were factually premised on their insurance policies and the insurers' rejection of their claims. *In re Trisura*

12

*Ins.*, 2025 WL 2094147, at *6; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6; *see Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234. We further determined that allowing the insurers to intervene would not excessively multiply the issues because the causes of action, defenses, and relevant facts were largely the same. *See In re Trisura Ins.*, 2025 WL 2094147, at *6; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6.

These same considerations apply in this case. Accordingly, we conclude that the trial court abused its discretion by denying SNIC's plea in intervention and granting Garcia's motion to strike. *See In re Trisura Ins.*, 2025 WL 2094147, at *6; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6. We sustain relators' first issue.

## IV.    MOTIONS TO DISMISS

In their second issue, relators assert that the trial court abused its discretion by denying their motions to dismiss Garcia's claims against J&D and Stevens because SNIC has elected to assume their liability under § 542A.006. *See* TEX. INS. CODE ANN. § 542A.006. In countering this argument, Garcia relies on his claims, which we have rejected above, that § 542A.006 does not apply because SNIC was not a party to Garcia's lawsuit against J&D and Stevens.

Here, SNIC has twice elected to accept whatever liability that J&D and Stevens may have to Garcia: prior to suit on September 22, 2023, and again after suit on January 30, 2025. The Texas Insurance Code expressly provides that:

> If an insurer makes an election [to accept whatever liability an agent might have] before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and,

13

if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

*Id.* § 542A.006(b). Thus, under this provision, "an insurer's § 542A.006 election 'eviscerates any claim against an agent.'" *In re Trisura Ins.*, 2025 WL 2094147, at *7 (quoting *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 474); *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *4 (same); *see Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (stating that "the Texas Legislature crafted § 542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court").

The Legislature drafted § 542A.006 to provide that the trial court "shall" dismiss the claimant's action against an agent when the statutory prerequisites are satisfied. *See* TEX. INS. CODE ANN. § 542A.006(b), (c). The use of the word "shall" imposes a mandatory duty. *See In re Rogers*, 690 S.W.3d 296, 300–01 (Tex. 2024) (orig. proceeding) (per curiam); *Boerne to Bergheim Coal. for Clean Env't v. Tex. Comm'n on Env't Quality*, 657 S.W.3d 382, 391 (Tex. App.—El Paso 2022, no pet.); *see also* TEX. GOV'T CODE ANN. § 311.016(2). Here, because SNIC made an election before suit was filed to assume whatever liability that J&D and Stevens may have to Garcia, the insurance code imposes a mandatory duty on the trial court to dismiss the action against J&D and Stevens with prejudice. *See* TEX. INS. CODE ANN. § 542A.006(b); *In re Trisura Ins.*, 2025 WL 2094147, at *7. We sustain relators' second issue.

## V.    APPRAISAL

In their third issue, relators assert that the trial court abused its discretion by denying SNIC's motion to compel appraisal. Garcia alleges that the trial court's decision was proper because he "had disavowed any claim for breach of contract and/or policy

benefits in the underlying lawsuit and because there is no dispute as to the amount of loss to justify the invocation of appraisal." Garcia argues that ordering appraisal when he has disavowed claims under the policy would leave him with nothing—no policy benefits, no ability to make extracontractual claims, and "no legal recourse" if SNIC refuses to pay an appraisal award. The insurance policy at issue provides in relevant part:

8. **Appraisal.**

If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

. . . .

12. **Suit Against Us**. No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues.

## A.   Applicable Law

Insurance appraisal clauses "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 406–07; *see State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009).

15

"Appraisals can provide a less expensive, more efficient alternative to litigation." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 407. Such clauses are "generally enforceable, absent illegality or waiver." *Id.* A trial court has no discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 881 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding).

Appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895. Appraisal may be invoked and enforced even when an insurer denies a claim and there are disputed issues involving coverage. *See id.* at 893 ("Even if the appraisal here turns out to involve not just damage but liability questions, that does not mean appraisal should be prohibited as an initial matter."); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 884 (concluding that appraisal was not precluded where the insurance policy provided for appraisal when the parties "fail to agree on the amount of loss" and the case presented issues involving coverage); *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 234–35 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (concluding that the insurer's denial of the insurance claim did not amount to a waiver of its right to appraisal).

B.     **Construction**

We interpret insurance policies pursuant to the same rules of construction that apply to other contracts. *Dillon Gage Inc. of Dall. v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 643 (Tex. 2021). "Each insurance policy must be interpreted according to its own specific wording, provisions, and coverages." *Progressive Cnty. Mut. Ins. v. Saldivar*, 712 S.W.3d 691, 694 (Tex. App.—Houston [14th Dist.] 2025, no pet.). Our primary concern is to ascertain the intent of the

16

parties as expressed in the insurance policy. *Kelley-Coppedge, Inc. v. Highlands Ins.*, 980 S.W.2d 462, 464 (Tex. 1998). We determine the parties' intent "by looking only to the four corners of the policy to see what is actually stated" therein. *Certain Underwriters at Lloyd's, London v. Henry Vogt Mach. Co., Inc. ex rel. Pendergraft*, 712 S.W.3d 909, 927–28 (Tex. App.—Houston [14th Dist.] 2025, no pet.). We give the terms of the policy their "common, ordinary meaning." *Anadarko Petrol. Corp. v. Hous. Cas. Co.*, 573 S.W.3d 187, 193 (Tex. 2019).

## C.      Analysis

Garcia argues that the trial court did not abuse its discretion by refusing to compel appraisal because he did not file suit against SNIC and he is not seeking to obtain benefits under his insurance policy. However, the express terms of the appraisal clause do not require Garcia to have instituted a lawsuit before appraisal can be invoked, and the clause allows "either party" to make a written demand for appraisal. Similarly, the insurance policy does not limit appraisal to those situations where the insured is proceeding directly against the insurer.

Garcia further argues that the trial court's decision was proper because there is no dispute as to the amount of loss to justify the invocation of appraisal. As stated previously, the policy provides for appraisal if the parties "fail to agree on the actual cash value, amount of loss, or cost of repair or replacement." In Garcia's first amended petition, Garcia alleged that J&D and Stevens "failed to thoroughly document all the covered damages," "failed to adequately investigate and assess" the damages, and "vastly undervalued and underpaid the claim." Garcia further alleged that he "did not receive the full payment" for his damages. We conclude that the record shows that SNIC properly invoked appraisal

17

under its policy because the parties did not agree on "the actual cash value, amount of loss, or cost of repair or replacement." We reject Garcia's arguments otherwise.

Finally, Garcia argues that ordering appraisal when he has disavowed claims under the policy would leave him with nothing—no policy benefits, no ability to make extracontractual claims, and no legal recourse if SNIC refuses to pay an appraisal award. However, our review of the trial court's ruling denying appraisal is determined by the applicable law and the terms of the insurance policy. *See Dillon Gage Inc. of Dall.*, 636 S.W.3d at 643; *Kelley-Coppedge, Inc.*, 980 S.W.2d at 464. Moreover, we do not engage in speculation in original proceedings. *See, e.g.*, *In re Ford Motor Co.*, 124 S.W.3d 147 (Tex. 2003) (orig. proceeding) (per curiam) (denying a "premature" petition for writ of mandamus); *In re Arce*, 708 S.W.3d 51, 56 (Tex. App.—Amarillo 2025, orig. proceeding [mand. denied]) (declining to engage in speculation). Based on the foregoing, we sustain relators' third issue.

## VI.    DEPOSITIONS

In their fourth issue, relators assert that the trial court abused its discretion by denying Stevens's and J&D's motions to quash Stevens's deposition and the deposition of a corporate representative of J&D. In this regard, relators reiterate their contention that § 542A.006 requires J&D and Stevens to be dismissed from the lawsuit. They further argue that SNIC has the right to invoke appraisal and have the case abated pending the outcome of appraisal. According to relators, "[a]ppraisal must move forward before any discovery can take place."

We reject relators' contentions. While our ruling today requires the trial court to dismiss J&D and Stevens from suit, relators' arguments fail to consider that a party may

18

seek discovery from both parties and nonparties to suit. *See, e.g.*, TEX. R. CIV. P. 205 (governing discovery from nonparties). Further, to the extent that relators' contentions here rely on their alleged right to appraisal, relators cite no authority in favor of their assertion that discovery must be stayed pending the completion of appraisal. Given the foregoing, we overrule relators' fourth issue.

## VII.    REMEDY

Relators assert that they lack an adequate remedy by appeal to address the trial court's errors. Garcia argues that relators have an adequate remedy by law based on a separately filed lawsuit that he filed against SNIC in trial court cause number C-5825-24-I, *State National Insurance Co. v. German Garcia*, pending in the 389th District Court of Hidalgo County, Texas. Garcia alleges that he filed a motion for summary judgment against SNIC in that case; however, that case is currently abated pending our ruling in this original proceeding. In response to Garcia's arguments, SNIC argues that a separate lawsuit does not provide an appellate remedy, and even if it did, any remedy would be inadequate under the circumstances of this case.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. This balance depends heavily on the specific circumstances of the case. *See In re Kappmeyer*, 668 S.W.3d 651, 659 (Tex. 2023) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138. In this regard, the supreme court has explained that "a separate lawsuit is simply not an *appellate* remedy." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 139.

19

We have concluded that the trial court abused its discretion by striking SNIC's plea in intervention, denying relators' motions to dismiss, and denying SNIC's right to appraisal. Under these circumstances, relators lack an adequate remedy by appeal after final judgment because proceeding without immediate review by mandamus would defeat the substantive rights that they possess by virtue of contract and statute, severely compromise and foreclose their ability to present their defenses, and cause a knowing waste of resources. *See In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 842 (Tex. 2024) (orig. proceeding); *In re Acad., Ltd.*, 625 S.W.3d at 32; *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465–66 (Tex. 2008) (orig. proceeding)). *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137; *In re Trisura Ins.*, 2025 WL 2094147, at *8; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6. We conclude that the circumstances present in this case render a remedy by appeal after final judgment inadequate.

## VIII. CONCLUSION

The Court, having examined and fully considered relators' petition for writ of mandamus, Garcia's response, relators' reply, and the applicable law, is of the opinion that relators have met their burden to obtain relief, in part. Accordingly, we lift the stay that we previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus in part and direct the trial court to vacate its orders: (1) granting Garcia's amended motion to strike SNIC's intervention; (2) denying SNIC's motion to dismiss; (3) denying J&D's and Stevens's motion for reconsideration of their motion to dismiss; and (4) denying SNIC's motion to compel appraisal. Our writ will issue only if the trial court fails to comply. We deny the petition for writ of mandamus, in part,

20

as to relators' remaining contentions. We likewise deny relators' request that we assess costs of court against Garcia.

CLARISSA SILVA
Justice

Delivered and filed on the
11th day of August, 2025.